García, Plaintiff and Appellee, v. Porto Rico Railway, Light & Power Co., Defendant and Appellant.

Appeal from the District Court of Humacao in an Action for Damages.—Memorandum of Costs.

No. 2622.—Decided May 1, 1922.

Attorney Fees — Appeal — Evidence. — In order that the Supreme Court may decide whether or not the amount claimed as attorney fees in the memorandum. of costs is excessive, if evidence has been examined it is necessary to bring up the evidence offered by the appellee and examined by the court in fixing the amount of the attorney fees.

Id.—Id.—Costs—Pleading.—The appellant may plead an abuse of discretion in the imposition of costs, or the invalidity of the law allowing attorney fees, in an appeal from the judgment, but not in an appeal from an order approving the memorandum of costs.

The facts are stated in the opinion.

*Messrs. J. H. Brown* and *C. Ruiz* for the appellant.

*Mr. A. Aponte, Jr.,* for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

This appeal was taken from an order approving a memorandum of costs which contained an item of $200 for the plaintiff's attorney fees, and one of the grounds of the defendant's appeal is that the amount is excessive. This court is not in a position to decide that question, because the transcript of the record before it does not set out the evidence submitted by the plaintiff and considered by the court below in fixing the attorney fees at that amount.

The appellant likewise alleges that it was an abuse of discretion and an infringment of section 327 of the Code of Civil Procedure to allow the plaintiff attorney fees, and that the law authorizing their allowance as costs is invalid. In support of these two contentions the appellant argues that the allowance of costs and attorney fees is discretional and that as the prayer of the complaint was for $2,000 and the court gave judgment for the sum of $300, it was an abuse

of discretion to allow the costs. As regards the invalidity of the law authorizing the allowance of attorney fees, the question is merely stated without argument.

These questions could have been raised in an appeal from the judgment which imposed the costs upon the defendant, but not in this appeal in which, on the basis of a final judgment carrying costs, the memorandum of costs and the court's action on it only fix the amount, which must be the subject-matter of the appeal from the order.

The appellant also contends that as the defendant paid the amount allowed by the judgment as damages, another writ of execution should not be issued for the costs and attorney fees, the amount of which should appear in the judgment itself. As the transcript before us does not show that the defendant paid the amount of the damages, we are not in a position to consider the question.

Finally, the appellant alleges that the memorandum of costs presented does not state facts sufficient to justify the allowance of attorney fees and the fixing of their amount. However, the judgment imposed the costs upon the defendant and this carries with it the attorney fees, as held by this court in *Brac* v. *Ojeda et al.,* 27 P. R. R. 605; *Ramírez* v. *American Railroad Company,* 28 P. R. R. 168, and *Forés* v. *Balzac, ante,* p. 344.

The order appealed from must be

*Affirmed.*

Chief Justice Del Toro and Justices Wolf and Franco Soto concurred.

Mr. Justice Hutchison concurred in the judgment.